NORTH RIVER INSURANCE COMPANY v ENDICOTT

Docket No. 83681. Submitted March 17, 1986, at Detroit. Decided May 19, 1986.

Defendant, Paul T. Endicott, is a certified public accountant. He became a trustee of the Barrett E. Smith Trust in December, 1972. In 1981 the trust was terminated. In July, 1983, defendant was served with a petition filed in the Oakland Probate Court seeking to compel defendant to submit accountings for certain years in which he acted as chief administrative trustee and seeking the payment of any amounts which were found to be due as a result of the accounting. At the time the petition was filed, defendant was insured by an accountant's professional liability policy issued by plaintiff, the North River Insurance Company. The policy provided that the insurer would defend in the insured's name and on his behalf any civil action for compensatory damages brought against the insured and contained exclusions for any claim arising out of the insured's activities as a trustee of any organization, corporation, company or operation other than that of the named insured. Defendant notified plaintiff of the pending action and plaintiff retained counsel to represent defendant under a reservation of rights. Plaintiff thereafter brought the instant action in the Oakland Circuit Court seeking a declaratory judgment that it was not required to defend or indemnify in the probate court action for an accounting. The trial court, Fred M. Mester, J., granted plaintiff's motion for a summary judgment, finding plaintiff not obligated under the policy to either insure or defend defendant because the underlying action was brought against defendant in his capacity as a trustee. Defendant appeals from the order granting the summary judgment. *Held:*

1. The trial court was correct in granting the summary judgment and finding that the policy coverage did not extend to the probate court action. The third party's claims in the under-

REFERENCES

Am Jur 2d, Insurance §§ 1373 *et seq.*

Am Jur 2d, Trusts §§ 304 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Insurance/Trusts.

lying action are based solely on defendant's activities and capacity as a trustee.

2. A trustee's duty to present a beneficiary with an accounting when called upon exists in order to ensure that the trustee is acting in accordance with the legal obligations placed on him as a trustee. The trustee's duty to account is clearly independent of a trustee's separate professional capacity as an accountant. Defendant's position as an accountant is irrelevant to his duty as a trustee to provide an accounting. Merely because the accounting is rendered by an accountant does not make it a "professional accounting service." Since the policy of insurance is limited to claims arising out of defendant's performance of professional accounting services, it does not extend to actions which are based solely on defendant's actions as a trustee.

3. The exclusion for claims arising out of defendant's activities as a trustee is clear and unambiguous and applies in this case.

4. Where the specific evidential facts upon which a motion for summary judgment under GCR 1963, 117.2(3), is based are within the personal knowledge of the nonmoving party, the trial court has the authority to excuse the movant from presenting the material facts in an affidavit. Such was the case here. The trial court was correct in considering the motion.

Affirmed.

1. INSURANCE — DUTY TO DEFEND — THIRD-PARTY ACTIONS.

An insurer's duty to defend its insured in an action by a third party depends upon the allegations in the complaint filed by the third party against the insured; however, the insurer cannot limit its duty by the precise language of the pleadings but must look behind the pleadings to analyze whether coverage is possible; any ambiguity as to the extent of coverage is to be resolved in favor of the insured.

2. INSURANCE — CONTRACTS — JUDICIAL CONSTRUCTION.

Clear and unambiguous language in an insurance policy is to be enforced as written; the courts will not make a new agreement for the parties nor give it a meaning contrary to its express and unambiguous terms.

3. TRUSTS — TRUSTEES — DUTY TO ACCOUNT.

A trustee has a duty, when called upon, to present the beneficiary with an accounting; this duty exists in order to insure that the trustee is acting in accordance with the legal obligations placed upon him as a trustee; this duty is clearly independent of a trustee's separate professional capacity as an accountant (MCL 700.814; MSA 27.5814).

4. PRETRIAL PROCEDURE — SUMMARY JUDGMENT — AFFIDAVITS —
   COURT RULES.
   A trial court has the authority to excuse the movant from
   presenting the material facts in an affidavit where the specific
   evidential facts upon which a motion for summary judgment
   grounded on a claim that there is no genuine issue as to any
   material fact is based are within the personal knowledge of the
   nonmoving party (GCR 1963, 117.2[3], 117.3; MCR 2.116[C][10],
   2.116[G][3]).

*Levin, Levin, Garvett & Dill* (by *Harvey I. Wax* and *Glen M. Bis*), and *Karon, Morrison & Savikas, Ltd.* (by *David E. Stevenson*), for plaintiff.

*Marston & Marston, P.C.* (by *Michael V. Marston*), for defendant.

Before: R. M. MAHER, P.J., and CYNAR and T. GILLESPIE,* JJ.

CYNAR, J. On September 25, 1984, plaintiff, North River Insurance Company, filed a complaint for declaratory judgment seeking a determination that it was not required to defend or indemnify the defendant, its insured, in a probate court action for an accounting brought by a third party. On February 21, 1985, plaintiff's motion for summary judgment was granted pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10). Defendant appeals as of right.

Defendant, Paul Endicott, is a certified public accountant. In December, 1972, defendant acquiesced to the request of a personal friend and became a trustee of the Barrett E. Smith Trust. The mother of the beneficiary and a third individual were also named as trustees. Defendant remained a trustee from 1972 until 1981 when the trust was terminated. Although plaintiff prepared tax returns and accountings for the trust for the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

years 1973 to 1977, he was never compensated for his services.

In July, 1983, Endicott was served with a petition for an order to show cause in the Matter of Barrett Smith, Inter Vivos Trust. The petition sought to compel defendant to submit accountings for certain years in which he acted as chief administrative trustee of the Barrett E. Smith Trust and sought payment of any amounts which were found to be due as a result of the accounting.

At the time the petition was filed, defendant was insured by an accountant's professional liability policy issued by plaintiff. The policy provides in part:

### INSURANCE AGREEMENTS

#### I. COVERAGE—PROFESSIONAL LIABILITY

The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as compensatory damages caused by acts, errors or omissions in the insured's performance of professional accounting services for others . . . .

#### II. DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS

As respects such insurance as is afforded by the other terms of this policy, the Company shall:

(a) defend in the insured's name and on the insured's behalf any civil action for compensatory damages against the insured, even if such suit is groundless, false or fraudulent, but the Company shall have the right to make such investigation and negotiation of any claim as may be deemed expedient by the Company;

\* \* \*

### DEFINITIONS

\* \* \*

#### II. PROFESSIONAL ACCOUNTING SERVICES

The term "professional accounting services"

shall mean services performed or advices given by the insured for fee or otherwise in the conduct of the insured's practice as an accountant, including without limitation, duties performed or advices given in relation to matters of taxation and duties performed or advices given in connection with The American Institute of Certified Public Accountants or any state society of certified public accountants.

\* \* \*

EXCLUSIONS
Insuring Agreements I and II do not apply:

\* \* \*

(b) to any claim arising out of the insured's activities as an officer, trustee, director, partner or employee of any organization, corporation, company or operation other than that of the Named Insured.

According to the terms of the policy, defendant notified North River of the pending action. Plaintiff retained counsel to represent defendant under a reservation of rights.

On September 25, 1984, plaintiff filed a complaint for declaratory judgment claiming that, under the terms of the accountant's professional liability policy, plaintiff was not obligated to indemnify or defend Endicott because the allegations in the underlying lawsuit involved a claim arising from defendant's activities as a trustee, they did not involve defendant's performance of "professional accounting services" as defined in the policy, and the accounting did not constitute a claim for compensatory damages. On December 28, 1984, plaintiff filed a motion for summary judgment. In granting plaintiff's motion, the circuit court judge found that plaintiff was not obligated under the insurance policy to either insure or defend defendant in the underlying probate court action because that action was brought against defendant in his capac-

ity as trustee, which capacity was specifically excluded from coverage under the terms of the policy. Defendant argues on appeal that plaintiff's motion for summary judgment was improperly granted because material factual disputes existed regarding plaintiff's duty to defend its insured.

The duty to defend an insured in an action by a third party depends upon the allegations in the complaint filed by the third party against the insured. *Detroit Edison Co v Michigan Mutual Ins Co,* 102 Mich App 136, 142; 301 NW2d 832 (1980). The insurer cannot limit its duty by the precise language of the pleadings but must look behind the pleadings to analyze whether coverage is possible. *Allstate Ins Co v Demps,* 133 Mich App 168, 178; 348 NW2d 720 (1984), lv den 421 Mich 852 (1985). Any ambiguity as to the extent of coverage is to be resolved in favor of the insured. *Illinois Employers Ins of Wausau v Dragovich,* 139 Mich App 502; 362 NW2d 767 (1984).

On the other hand, the clear and unambiguous language in an insurance policy will be enforced as written. *Id.* The courts will not make a new agreement for the parties nor give it a meaning contrary to its express and unambiguous terms. *Stein v Continental Casualty Co,* 110 Mich App 410; 313 NW2d 299 (1981), lv den 414 Mich 853 (1982).

When these principles are applied to the present case, we conclude that the court was correct in granting summary judgment and finding that the policy coverage did not extend to the probate court action. The policy specifically limits coverage to liability incurred in the performance of professional accounting services. In addition, it clearly excludes coverage for any claims arising out of defendant's activities as a trustee. When the underlying action is examined, it is equally apparent

that the third party's claims are based solely on Endicott's activities and capacity as a trustee.

A trustee has a duty, when called upon, to present the beneficiary with an accounting. MCL 700.814; MSA 27.5814. This duty exists in order to ensure that the trustee is acting in accordance with the legal obligations placed upon him as trustee. Furthermore, the duty is clearly independent of a trustee's separate professional capacity as an accountant.

The action filed in probate court is based solely on defendant's failure to provide an accounting as required by statute and his alleged breach of fiduciary duties as a trustee. While defendant's position as an accountant may have been relevant to his selection as a trustee, it is irrelevant to his duty to provide an accounting which is the basis of the underlying action. Merely because the accounting is rendered by an accountant does not make it a "professional accounting service." Since the policy of insurance is limited to claims arising out of defendant's performance of professional accounting services, it does not extend to actions which are based solely on defendant's actions as a trustee.

In addition, we find that summary judgment was also proper based upon the contractual exclusion. Contrary to defendant's contention, the exclusion is clear and unambiguous; coverage does not extend to any claims arising out of defendant's activities as a trustee. The exclusion is inclusive and covers "*any* organization, corporation, company or operation other than that of the Named Insured." This is sufficiently broad to include the trust at issue here. Here, the probate court action was brought by the beneficiary of the trust, it arose out of a statutory duty imposed on the trustee and it seeks redress for defendant's failure to properly

execute his responsibilities as trustee. Since this is an action arising out of defendant's activities as a trustee, the exclusion applies.

Even when we look behind the specific allegations in the complaint, we fail to find any theories of recovery which would fall within the policy. The language is clear and unambiguous and this court will not rewrite the express agreement of the parties.

Defendant also states, without elaboration, that North River's motion for summary judgment failed to comply with GCR 1963, 117.3, now MCR 2.116(G)(3). Generally, attorney affidavits like the one submitted here which state that the attorney read the motion and that its contents are true are insufficient to support the motion for summary judgment. See *Jones v Shek,* 48 Mich App 530; 210 NW2d 808 (1973); *Allstate Ins Co v Beauregard,* 119 Mich App 103; 326 NW2d 439 (1982). However, this Court has previously held that where the specific evidential facts upon which the motion is based are within the personal knowledge of the nonmoving party, the trial court has the authority to excuse the movant from presenting the material facts in an affidavit. *Brooks v Reed,* 93 Mich App 166; 286 NW2d 81 (1979), lv den 411 Mich 862 (1981); *Pullen v Warrick,* 144 Mich App 356; 375 NW2d 448 (1985). The instant case presents such a situation and the court was correct in considering the motion.

For the reasons set forth above, we find that summary judgment was proper.

Affirmed.