RANSBURG v WAYNE COUNTY

Docket No. 96205. Submitted March 2, 1988, at Detroit. Decided May 4, 1988.

Paul Ransburg brought an action in the Wayne Circuit Court seeking damages for injuries allegedly sustained in a slip and fall accident in a building owned and maintained by defendant, Wayne County. Plaintiff testified in his deposition that the defect which caused him to fall was dust on the stairs. The trial court, Thomas Roumell, J., granted defendant's motion for summary disposition, finding that the expected testimony could not establish a defect under the public building exception to governmental immunity as a matter of law. Plaintiff appealed.

The Court of Appeals *held:*

Plaintiff's failure to come forward with facts supporting his claim of a defect leave his allegations as sheer speculation and conjecture. The trial court properly granted summary disposition because there was no issue of material fact as to the existence of a defect.

Affirmed.

1. TORTS — GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS.

2. PLEADING — ISSUES OF MATERIAL FACT.

A plaintiff may not rest upon the mere allegations of his pleading, where the defendant moves for summary disposition alleging that there is no issue of material fact, but must set forth specific facts showing that there is a genuine issue for trial (MCR 2.116[C][10] and 2.116[G][4]).

REFERENCES

Am Jur 2d, Municipal, School, and State Tort Liability §§ 150 *et seq.*, 310, 314.

Am Jur 2d, Summary Judgments §§ 22 *et seq.*

Comment Note.—Municipal immunity from liability for torts. 60 ALR2d 1198.

*Barry F. LaKritz,* for plaintiff.

*Samuel A. Turner,* Corporation Counsel, and *James W. Quigly,* Assistant Corporation Counsel, for defendant.

Before: Hood, P.J., and Gillis and M. B. Breigh-ner,* JJ.

Per Curiam. Plaintiff appeals as of right from an order of summary disposition in favor of defendant. We affirm.

Plaintiff brought this action in Wayne Circuit Court to recover for injuries allegedly sustained when he slipped and fell on stairs in the "Old County Building" owned and maintained by the defendant. At his deposition, plaintiff testified that the defect which caused him to fall was dust on the stairs. He testified that he had discovered the dust when he went back to investigate the stairs after he reported the fall. The trial court granted defendant's motion for summary disposition, finding that the expected testimony could not establish a defect under the public building exception to governmental immunity as a matter of law.

Governmental agencies engaged in the exercise or discharge of a governmental function are granted broad immunity from tort liability. MCL 691.1407; MSA 3.996(107). Under the "public building" exception to governmental immunity, the agency may be liable for injury resulting from a dangerous or defective condition of a "public building." MCL 691.1406; MSA 3.996(106); *Tilford v Wayne Co General Hospital,* 403 Mich 293; 269 NW2d 153 (1978).

The elements of proof under this exception are: (1) a defect; (2) actual or constructive knowledge of

* Circuit judge, sitting on the Court of Appeals by assignment.

the defect; and (3) failure to act on the part of the responsible agency. MCL 691.1406; MSA 3.996(106), *Mosqueda v Macomb Co Youth Home,* 132 Mich App 462, 469-470; 349 NW2d 185 (1984).

The trial court properly granted summary disposition because there was no issue of material fact as to the existence of a defect under MCR 2.116(C)(10). It is true, as plaintiff argues, that a trial court must be careful in deciding a motion under this court rule to avoid making findings of fact and to be liberal in finding that issues remain. *Jubenville v West End Cartage, Inc,* 163 Mich App 199, 203; 413 NW2d 705 (1987). However, plaintiff could not rest upon the mere allegations of his pleading but had to "set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4), *Jubenville, supra.* Plaintiff's failure to come forward with facts supporting his claim of a defect leave his allegations as sheer speculation and conjecture and therefore ripe for summary disposition. *McCune v Meijer, Inc,* 156 Mich App 561, 563; 402 NW2d 6 (1986).

Plaintiff further argues that it was error to grant summary disposition before discovery had closed. Summary disposition would be premature where discovery on a disputed issue is incomplete. However, plaintiff has not demonstrated that he stood a fair chance of uncovering support for his position if the discovery time had been allowed to run. *Huff v Ford Motor Co,* 127 Mich App 287; 338 NW2d 387 (1983).

Affirmed.