BOOTH NEWSPAPERS, INC v KENT COUNTY TREASURER

Docket No. 102733. Submitted October 6, 1988, at Grand Rapids. Decided March 6, 1989.

Booth Newspapers, Inc., brought an action under the Freedom of Information Act in Kent Circuit Court against the Kent County Treasurer to compel defendant to provide records indicating monthly or quarterly payments made by each hotel or motel that was subject to Kent County's hotel/motel tax for calendar years 1983 to 1986. The trial court, Robert A. Benson, J., granted summary disposition in favor of defendant, ruling that there were no genuine issues of material fact and defendant was entitled to judgment as a matter of law since the requested records were exempt from disclosure under the FOIA exemption relating to information of a personal nature the disclosure of which would constitute a clearly unwarranted invasion of an individual's privacy. Plaintiff appealed.

The Court of Appeals *held*:

Under either one of the two tests laid out by an equally divided Supreme Court in *State Employees Ass'n v Dep't of Management & Budget*, 428 Mich 104 (1987), for determining whether the privacy exemption from disclosure under the FOIA properly applies to a public record, the records requested in this case are not exempt from disclosure.

1. The first test, as outlined by Justice CAVANAGH, involves a determination by the trial court, on the basis of scrutiny of the particular facts of each case in light of the principles of privacy developed under the common law and the state constitution, of whether the release of the requested information would be a clearly unwarranted invasion of an individual's privacy. In this case, the privacy exemption does not apply to the tax records in question since no common-law or constitutional right to privacy protects the records from disclosure.

2. The second test, as favored by Justices BRICKLEY, BOYLE

REFERENCES

Am Jur 2d, Records and Recordkeeping § 32 *et seq.*

Personal matters exempt from disclosure by invasion of privacy exemption under state freedom of information acts. 26 ALR4th 666.

and RILEY, is of two parts. First, it must be determined whether the requested information is of a personal nature which thereby gives rise to a cognizable privacy interest. If the information is of a personal nature, then the public's interest in disclosure is balanced against the privacy interest to determine whether disclosure would amount to a clearly unwarranted invasion of an individual's privacy. In this case, the requested information is not of a personal nature. Thus, the privacy exemption does not apply.

Reversed.

RECORDS — FREEDOM OF INFORMATION ACT — PRIVACY EXEMPTION.

In an action brought under the Freedom of Information Act to compel the disclosure of a public record, two tests are used to determine whether the requested record is exempt from disclosure under the exemption relating to information of a personal nature the disclosure of which would constitute a clearly unwarranted invasion of an individual's privacy: (1) a determination by the trial court, on the basis of scrutiny of the particular facts in light of the principles of privacy developed under the common law and the state constitution, of whether the release of the requested information would be a clearly unwarranted invasion of an individual's privacy; (2) a determination whether the requested information is of a personal nature which thereby gives rise to a cognizable privacy interest and, if the information is of a personal nature, then the public's interest in disclosure is balanced against the privacy interest to determine whether disclosure would amount to a clearly unwarranted invasion of an individual's privacy (MCL 15.243[1][a]; MSA 4.1801[13][1][a]).

*Miller, Johnson, Snell & Cummiskey* (by *James S. Brady* and *Kenneth L. Jacobs*), for plaintiff.

*Varnum, Riddering, Schmidt & Howlett* (by *Teresa S. Decker*), for defendant.

Before: DANHOF, C.J., and HOOD and R. L. OLZARK,* JJ.

PER CURIAM. Plaintiff appeals as of right from a Kent Circuit Court opinion and order which held

* Circuit judge, sitting on the Court of Appeals by assignment.

that plaintiff could not obtain certain tax records from defendant under Michigan's Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, and granted defendant's motion for summary disposition. MCR 2.116(C)(10). We reverse.

Plaintiff requested that defendant, pursuant to the FOIA, give it records or compilations of records indicating monthly or quarterly payments made by each hotel or motel that was subject to Kent County's hotel/motel tax for calendar years 1983-86. Plaintiff also requested records or compilations of records indicating Kent County's total monthly receipts under the county's hotel/motel tax for calendar years 1983-86.

Defendant provided plaintiff with copies of records indicating Kent County's monthly receipts under the county's hotel/motel tax. However, defendant denied plaintiff's request for records indicating the monthly or quarterly payments made by individual hotels and motels. This denial was based on defendant's determination that the requested records were exempt from disclosure under the FOIA's privacy exemption which exempts information of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy. MCL 15.243(1)(a); MSA 4.1801(13)(1)(a).

Plaintiff filed a complaint against defendant seeking to obtain the records which defendant withheld. Plaintiff also claimed that defendant arbitrarily and capriciously violated the FOIA, under MCL 15.240(5); MSA 4.1801(10)(5), but the parties later stipulated to dismiss this claim. Both parties moved for summary disposition. The lower court rendered an opinion in which it expressed its agreement with defendant's proposition that the requested information was private and thus exempt from disclosure under the FOIA's privacy

exemption, MCL 15.243(1)(a); MSA 4.1801(13)(1)(a). The lower court issued an order granting defendant's motion for summary disposition.

The only issue on appeal is whether the lower court erred in denying plaintiff's request for defendant's records indicating monthly or quarterly payments made by each hotel and motel that was subject to Kent County's hotel/motel tax.

There is no dispute that defendant is a "public body" as defined in MCL 15.232(b)(iii); MSA 4.1801(2)(b)(iii), that the requested records are "public records" as defined in MCL 15.232(c); MSA 4.1801(2)(c), and that defendant has those records. Therefore, the FOIA applies to this case. *State Employees Ass'n v Dep't of Management & Budget,* 428 Mich 104, 115-116; 404 NW2d 606 (1987).

The Michigan Freedom of Information Act begins with the following preamble:

> AN ACT to provide for public access to certain public records of public bodies; to permit certain fees; to prescribe the powers and duties of certain public officers and public bodies; to provide remedies and penalties; and to repeal certain acts and parts of acts.

The act then sets forth a statement of public policy and a disclosure requirement:

> It is the public policy of this state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process. [MCL 15.231(2); MSA 4.1801(1)(2).]

The FOIA is a disclosure statute. *United Plant*

*Guard Workers of America v Dep't of State Police,*
422 Mich 432, 443; 373 NW2d 713 (1985), modified
423 Mich 1205 (1985); *Tobin v Civil Service Comm,*
416 Mich 661, 668; 331 NW2d 184 (1982); *Kestenb-*
*aum v Michigan State University,* 414 Mich 510,
521; 327 NW2d 783 (1982), reh den 417 Mich 1103
(1983). A public body which denies a request for
disclosure has the burden of showing that the
requested information falls within one of the act's
exemptions. The public's right to "full and com-
plete" disclosure is limited only by the exemptions
found in MCL 15.243; MSA 4.1801(13). These ex-
emptions are to be narrowly construed. *Hagen v*
*Dep't of Education,* 431 Mich 118, 124; 427 NW2d
879 (1988); *State Employees Ass'n, supra,* p 110.

Defendant relies only on the FOIA's privacy ex-
emption to justify its decision to withhold the
requested information:

> (1) A public body may exempt from disclosure as
> a public record under this act:
> (a) Information of a personal nature where the
> public disclosure of the information would consti-
> tute a clearly unwarranted invasion of an individ-
> ual's privacy. [MCL 15.243(1)(a); MSA
> 4.1801(13)(1)(a).]

This case primarily concerns corporate tax re-
cords. The lower court was convinced that corpora-
tions had a right of privacy that was protected by
the above-quoted exemption. We note that the
term "individual" is not defined in the FOIA. How-
ever, "person" is defined as "an individual, corpo-
ration, partnership, firm, organization, or associa-
tion." MCL 15.232(a); MSA 4.1801(2)(a). The Legis-
lature's definition of "person" and its decision to
limit the privacy exemption to a clearly unwar-
ranted invasion of an "individual's" privacy indi-
cate that the Legislature did not intend the pri-

vacy exemption to apply to corporations. However, we decline to resolve this case on this basis. Therefore, we will proceed to analyze the issue presented here under both of the tests applied to the privacy exemption by our divided Supreme Court.

The first test is favored by Justices CAVANAGH, LEVIN and ARCHER:

> While neither balancing of interests nor consideration of purpose or identity is appropriate, the act requires a determination whether the release of the requested information would be a "clearly unwarranted invasion of an individual's privacy." The Legislature made no attempt to define the right of privacy. We are left to apply the principles of privacy developed under the common law and our constitution. The contours and limits are thus to be determined by the court, as the trier of fact, on a case-by-case basis in the tradition of the common law. Such an approach permits, and indeed requires, scrutiny of the particular facts of each case, to identify those in which ordinarily impersonal information takes on "an intensely personal character" justifying nondisclosure under the privacy exemption. [*State Employees Ass'n, supra,* p 123.]

There is no common-law or constitutional right to privacy in the information which plaintiff seeks in this case. See generally *Tobin, supra,* pp 671-678. In *Health Central v Comm'r of Ins,* 152 Mich App 336, 346; 393 NW2d 625 (1986), this Court observed that the right of privacy is primarily designed to protect the feelings and sensibilities of human beings and does not protect artificial entities.

> "It is clear that corporations do not enjoy a right to privacy. In *United States v Morton Salt Co,* 338 US 632, 652; 70 S Ct 357, 368; 94 L Ed 401 (1950), the Supreme Court ruled that corporations could

not resist an FTC subpoena on invasion of privacy grounds, saying,

'[C]orporations can claim no equality with individuals in the enjoyment of a right to privacy. [Citations omitted.] They are endowed with public attributes. They have a collective impact upon society from which they derive the privilege of acting as artificial entities.'

In *Hale v Henkel*, 201 US 43, 78; 26 S Ct 370, 380; 50 L Ed 652 (1906), Justice Harlan concurring, said,

'In my opinion, a corporation—"an artificial being, invisible, intangible, and existing only in contemplation of law"—cannot claim the immunity given by the 4th Amendment; for it is not of the "people" within the meaning of that Amendment.'

Again, 62 Am Jur 2d, Privacy, § 11, p 692, reads,

'Since the right of privacy is primarily designed to protect the feelings and sensibilities of human beings rather than to safeguard property, business, or other pecuniary interests, the courts have denied this right to corporations and other institutions.' " [*Health Central, supra,* p 346, quoting *Clinton Community Hospital Corp v Southern Maryland Medical Center,* 374 F Supp 450, 456 (D Md, 1974), aff'd 510 F2d 1037 (CA 4, 1975), cert den 422 US 1048; 95 S Ct 2666; 45 L Ed 2d 700 (1975).]

Defendant argues that corporations have a legitimate expectation of privacy with regard to confidential commercial information. We recognize that corporations can protect some confidential information such as trade secrets, *Hayes-Albion Corp v Kuberski,* 421 Mich 170; 364 NW2d 609 (1984). However, defendant has failed to persuade us that the type of information which plaintiff seeks is sensitive commercial information or that the hotels and motels affected by this case would be harmed in any appreciable way if the requested tax records were released.

The focus of this opinion is on the tax records of corporate hotels and motels. To the extent that any of the hotels or motels affected by this case are owned by individuals rather than corporations, we also find no clearly unwarranted invasion of privacy. The requested tax records would merely reveal information regarding the occupancy of the hotels and motels. We find no reason to exempt these records from disclosure under the FOIA in light of the case law interpreting the act's privacy exemption and the information on corporations and individuals which is available to the public from various sources. See *Tobin, supra,* p 673, n 13; *Kestenbaum, supra,* p 546, n 18. The tax records which plaintiff seeks do not involve either an individual right of privacy or a corporate right of privacy which might arise with regard to sensitive commercial information.

In *State Employees Ass'n, supra,* Justices CAVANAGH, LEVIN and ARCHER concluded that the Legislature did not intend that a balancing of interests occur in evaluating the privacy exemption in Michigan's Freedom of Information Act. Under their approach, it is also unnecessary to consider the purpose for which the requested information will be used, or the requestor's identity. The issue is whether the disclosure itself would constitute a clearly unwarranted invasion of privacy. 428 Mich 126. We conclude that the release of the requested tax information would not constitute such an invasion.

We turn to the judicial balancing test favored by Justices BRICKLEY, BOYLE and RILEY in their separate opinions in *State Employees Ass'n, supra,* pp 126-131. This balancing test was articulated by Justice RYAN in *Kestenbaum, supra.* The test is used as a means of construing the "clearly unwarranted" language of the FOIA's privacy exemption,

MCL 15.243(1)(a); MSA 4.1801(13)(1)(a). There is a presumption in favor of disclosure. *State Employees Ass'n, supra,* pp 127, 129; *Kestenbaum, supra,* p 542.

The balancing test has two parts. First, it must be determined whether the requested information is "of a personal nature" which thereby gives rise to a cognizable privacy interest. If the information is of a personal nature, then the public's interest in disclosure is balanced against the privacy interest to determine whether disclosure would amount to a "clearly unwarranted invasion of an individual's privacy" within the meaning of the privacy exemption. *State Employees Ass'n, supra,* pp 127-128; *Kestenbaum, supra,* pp 543-561. When applying this test, we must balance the public interest against the privacy interest with a "tilt" in favor of disclosure. We are obligated to remember that the alleged invasion of privacy must be "clearly unwarranted." *Kestenbaum, supra,* p 561. It is significant that "unwarranted" is modified by "clearly" in the privacy exemption. *State Employees Ass'n, supra,* p 125, n 32.

Like Justices Brickley and Boyle in *State Employees Ass'n, supra,* we find no need to reach the second part of the balancing test. For the reasons which we set forth above, we conclude that the requested information is not of a personal nature which would give rise to a cognizable privacy interest. Defendant has failed to carry its burden of proving that the requested information is exempt from the general rule of disclosure. The disclosure of the requested information will not constitute a clearly unwarranted invasion of an individual's privacy. The information may not be exempted from disclosure under the FOIA's privacy exemption.

Reversed.