EASLEY v UNIVERSITY OF MICHIGAN

Docket No. 105008. Submitted April 11, 1989, at Detroit. Decided
June 1, 1989. Leave to appeal applied for.

Kendrix M. Easley brought an action in the Wayne Circuit Court
against the University of Michigan and others under the Free-
dom of Information Act, seeking employment information at
the university's law school, specifically a memorandum written
by the dean of the law school and further identified by date and
content. The school consistently maintained that the memo
could not located. The court, J. Phillip Jourdan, J., refused to
order the memo's production and dismissed the case. Plaintiff
appealed.

The Court of Appeals *held:*

1. On the record, the court did not err in finding plaintiff's
allegation that defendants had the requested document to be
mere speculation and conjecture and dismissing.

2. The issue of the sufficiency of the affidavit supporting the
motion to dismiss was not preserved for appeal.

3. The court did not err in refusing to award fees.

Affirmed.

PLEADING — SUMMARY DISPOSITION — ISSUES OF MATERIAL FACT.

A statement of conclusions, unsupported by allegation of facts,
will not suffice to establish a genuine issue of material fact; the
test is whether the kind of record which might be developed,
giving the benefit of reasonable doubt to the plaintiff, would
leave open an issue of fact upon which reasonable minds might
differ; allegations unsupported by some basis in fact may be
viewed as sheer speculation and conjecture and, therefore, ripe
for summary disposition.

Kendrix M. Easley, in propria persona.

*Maria G. Alfaro-Lopez,* for defendants.

REFERENCES

Am Jur 2d, Summary Judgment § 27.

See the Index to Annotations under Disclosure; Summary Judg-
ment.

Before: MacKenzie, P.J., and Hood and Brennan, JJ.

Per Curiam. Plaintiff appeals as of right from an order of the Wayne Circuit Court dismissing his complaint with prejudice. Plaintiff had sought, under the Freedom of Information Act, MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.,* records he maintained were being withheld from disclosure and production by defendants. The record indicates that plaintiff has filed a number of requests for various records and documents. At issue here were two requests from a list of fifteen, including various subparts, which plaintiff requested in May, 1987. The first request concerned employment information regarding an employee at the University of Michigan's law school. The university maintained that it had produced this information. At the court's request, defense counsel responded to plaintiff's claim that the information was incomplete in a letter which supplemented or clarified the computer printout information previously disclosed.

The second record, which is the one at issue on appeal, is for a specific memo authored by Terrance Sandalow, the former dean of the law school, and directed apparently to the law school community at large. Plaintiff identified the memo by author, date and content. According to the record, defendants have consistently maintained that they cannot provide plaintiff with a copy of the memo because they are unable to locate it within the files maintained by the law school.

Two relevant hearings occurred below. The first concerned plaintiff's motion for immediate release of records. Following that hearing, the court found that since defendants maintained they did not have the memo it could not order its production.

The second hearing was on defendants' motion to dismiss pursuant to MCR 2.116(C)(10). Counsel's affidavit accompanying the motion indicated that she had been informed by plaintiff in a telephone call following the first hearing that there was no longer a dispute with respect to the FOIA complaint, except for the question of damages. Plaintiff's response was that the affidavit contained flagrant misrepresentation of material fact. He did not specify the nature of the misrepresentation.

At a hearing on October 16, 1987, the court relied on defense counsel's representations that the memo could not be located and indicated that, given an affidavit to that effect, the case would be dismissed. The affidavit was filed October 27, and the order of dismissal was signed November 10, 1987.

While plaintiff has raised a number of arguments below and on appeal, what is really at issue here is defendants' position that they cannot produce a document that they cannot locate and plaintiff's position that they are lying.

Plaintiff has requested a specific memo. The FOIA is a disclosure statute, requiring a public body to disclose a requested public document unless it falls within certain limited exemptions. See *State Employees Ass'n v Dep't of Management & Budget,* 428 Mich 104, 109-110; 404 NW2d 606 (1987). However, logic dictates that the public body have in its possession or control a copy of the document before it can be produced or before a court can order its production. See *The Evening News Ass'n v City of Troy,* 417 Mich 481; 339 NW2d 421 (1983); *Booth Newspapers, Inc v Kent County Treasurer,* 175 Mich App 523; 438 NW2d 317 (1989).

The motion to dismiss brought here under MCR 2.116(C)(10) tested the factual sufficiency of plain-

tiff's claims. While courts are liberal in finding that a genuine issue of fact exists to withstand the motion, plaintiff had an obligation to set forth specific facts showing that there was a genuine dispute. A statement of conclusions, unsupported by allegation of facts, will not suffice to establish a genuine issue of material fact. The test is whether the kind of record which might be developed, giving the benefit of reasonable doubt to plaintiff, would leave open an issue of fact upon which reasonable minds might differ. *Bowerman v Malloy Lithographing, Inc,* 171 Mich App 110, 115-116; 430 NW2d 742 (1988). Allegations unsupported by some basis in fact may be viewed as sheer speculation and conjecture and, therefore, ripe for summary disposition. *Ransburg v Wayne Co,* 170 Mich App 358, 360; 427 NW2d 906 (1988).

Plaintiff argues that the defendants are lying; they must have a copy of the memo because they admit that Sandalow wrote such a memo and that he consulted with an associate dean in writing it. On the other hand, that admission is equally consistent with the view that defendants have tried to locate the memo, including contacting the individuals involved in its creation. Defense counsel does not deny that the memo ever existed, but maintains that defendants cannot locate a copy. If we follow plaintiff's logic, then the fact that he quotes from the memo would indicate he already has a copy and this FOIA request would be moot.

Plaintiff does not allege that the memo was the type of document which would normally be maintained by defendants. See *Evening News, supra; Booth Newspapers, supra.* Nor has plaintiff alleged any facts, based on his prior experiences with the defendants and his FOIA requests, or from any other sources, that would indicate a basis for believing that defendants may be lying. According

to plaintiff's brief, he was first informed that the document could not be located in a letter from the university's designated Freedom of Information Officer dated June 8, 1987. The same information appears in defendants' answer, in the transcript of proceedings below and in the affidavit of defense counsel.

On the record before us, it is understandable that the trial court could have found that plaintiff's allegation that defendants have the document was mere speculation and conjecture and ripe for summary disposition.

At oral argument, plaintiff challenged the sufficiency of the attorney's affidavit and the apparent failure to ask Sandalow where a copy of the memo could be found. See MCR 2.119(B). This issue was not raised below and therefore need not be addressed here. *Muilenberg v The Upjohn Co,* 169 Mich App 636, 644; 426 NW2d 767 (1988). However, we note that the insufficiency of the attorney's affidavit need not require reversal. *North River Ins Co v Endicott,* 151 Mich App 707, 714; 391 NW2d 454 (1986). Given the facts of this case, we cannot say that the trial court erred in dismissing this action.

Both parties have raised their right to receive fees, costs and have sanctions imposed based on the other's abuse of FOIA rights or obligations. The record does not indicate that the plaintiff prevailed in this action and therefore he was not entitled to any award under the act. MCL 15.240(4); MSA 4.1801(10)(4); *Walloon Lake Water System, Inc v Melrose Twp,* 163 Mich App 726, 733; 415 NW2d 292 (1987). Therefore, any award under FOIA was discretionary with the trial court. *Id.* Defendants have presented us with no authority for their right to an award, as is required. *Michigan Bank-Midwest v D J Reynaert, Inc,* 165 Mich App 630, 644;

419 NW2d 439 (1988). In any event, our review of this record compels us to agree with the trial court's finding in refusing to grant an award or impose sanctions that there was a "balance of unreasonableness" as to both parties.

Affirmed.