*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH FINDLER IV,

UNPUBLISHED
July 14, 2022

Plaintiff-Appellant,

v

No. 358156
Court of Claims
LC No. 20-000090-MZ

DEPARTMENT OF TECHNOLOGY
MANAGEMENT AND BUDGET,

Defendant-Appellee.

Before: SAWYER, P.J., and LETICA and PATEL, JJ.

PER CURIAM.

Plaintiff appeals from an order of the court of claims granting summary disposition to defendant under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

Plaintiff was an unsuccessful applicant for a position with defendant. Thereafter, plaintiff made numerous requests under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, for documents relating to the hiring process.[1] Although many documents were produced, plaintiff was not satisfied that defendant fully complied. Plaintiff filed the instant action, alleging in Count I various violations of FOIA, and in Count II that defendant destroyed or failed to retain various records in violation of FOIA, the Management and Budget Act (MBA), MCL 18.1101 *et seq.*, and the Michigan History Center Act (MHCA), MCL 399.801 *et seq.*

---

[1] There were four separate requests. Generally speaking, the first requested documents relative to his nonselection for the position, the second requested documents related to defendant's document retention and disposal schedules, the third request sought records related to the first two, such as emails, notes, etc., and the fourth (and largest) request, which covered various documents, including emails, social media, and other digital records.

The trial court summarized the facts of this case as follows:

> According to the allegations contained in plaintiff's complaint, plaintiff applied and interviewed for a job as the Chief Security Officer with defendant Department of Technology, Management, and Budget. Plaintiff was ultimately not chosen for the position. In the months that followed, plaintiff submitted four, multi-faceted FOIA requests pertaining to himself, other candidates, and the job-selection process. Defendant disclosed hundreds of pages of documents in response to the requests. The primary dispute now at issue concern [sic] defendant's assertions that certain requested records do not exist, as well as plaintiff's allegations that defendant destroyed certain records.

The trial court initially granted summary disposition as to Count II of plaintiff's complaint and partial summary disposition on Count I, leaving only the remaining FOIA claims in Count I. Thereafter, defendant moved for summary disposition on the remaining count, which the trial court granted.[2] Plaintiff now appeals and we affirm.

Plaintiff first argues that the trial court erred in granting summary disposition on the remaining portions of Count I of plaintiff's complaint, thus resolving the case. We disagree. The standard of review applicable to this case was summarized in *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440-441; 814 NW2d 670 (2012):

> We review de novo a trial court's decision on a motion for summary disposition, reviewing the record in the same manner as must the trial court to determine whether the movant was entitled to judgment as a matter of law. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Corley v Detroit Bd of Ed,* 470 Mich 274, 278; 681 NW2d 342 (2004). The moving party must specifically identify the matters that have no disputed factual issues, and it has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(3)(b); MCR 2.116(G)(4); *Coblentz v City of Novi*, 475 Mich 558, 569; 719 NW2d 73 (2006). The party opposing the motion then has the burden of showing by evidentiary materials that a genuine issue of disputed material fact exists. MCR 2.116(G)(4); *Coblentz*, 475 Mich at 569. The existence of a disputed fact must be established by substantively admissible evidence, although the evidence need not be in admissible form. MCR 2.116(G)(6); *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999). A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds could differ. *Allison v AEW Capital Mgt, LLP,* 481 Mich 419, 425; 751 NW2d 8 (2008).

---

[2] Defendant moved for summary disposition under MCR 2.116(C)(7), (8), and (10), but the trial court only granted summary disposition under MCR 2.116(C)(10).

In granting summary disposition, the trial court concluded that defendant had "established that it has conducted an exhaustive search for any remaining records and none exist" and that "there is no factual dispute that defendant has complied with its obligation under the FOIA, and summary disposition under MCR 2.116(C)(10) is warranted."

As the trial court pointed out, plaintiff failed to file a response to defendant's motion for summary disposition, leaving defendant's motion unopposed. MCR 2.116(G)(4) addresses this situation:

> When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her.

Accordingly, we can only conclude that plaintiff failed to meet its burden of showing that a genuine issue of material fact did exist, established by substantially admissible evidence. *Bronson Methodist Hosp*, 295 Mich App at 441.

This does lead to a second part of plaintiff's argument, that the trial court abused its discretion in denying plaintiff's motion for an extension of time to file a response. We disagree.

As the trial court explained, it had, in fact, granted a motion to extend time to file a response on June 24, 2021,[3] which provided that plaintiff's response was due by July 6. That order also indicated that no further extensions would be granted. The trial court further observed that "Despite this, plaintiff sought another extension of time to file a response, which unsurprisingly was denied. This leaves defendant's motion unopposed." A motion to grant a continuance to allow more time to respond is based upon good cause shown and is reviewed for an abuse of discretion. See *Soumis v Soumis*, 218 Mich App 27, 32; 553 NW2d 619 (1996). We are not persuaded that the trial court abused its discretion in determining that yet another extension of time should be granted.

Plaintiff next argues that the trial court erred in granting partial summary disposition in its August 4, 2020, and November 4, 2020, orders. We disagree. Those orders[4] denied summary disposition on Count I of plaintiff's complaint in part, but granted partial summary disposition with regard to the allegations concerning social media postings. The trial court granted summary disposition to defendant on Count II of the complaint. The trial court concluded that plaintiff failed to state a claim that destruction of documents violated FOIA because FOIA does not contain a record retention requirement and that there were no allegations that defendant destroyed documents in order to thwart FOIA. As for the claims under the MHCA and the MBA, the trial

---

[3] This was, by plaintiff's own admission in his brief on appeal, the second extension of time granted by the trial court for plaintiff to file his response.

[4] As described in plaintiff's brief, the November 4 order "is practically identical" to the August 4 order.

court concluded that plaintiff failed to state a claim because neither statute creates a private cause of action for damages and that plaintiff was not entitled to declaratory relief because such relief would not guide plaintiff's future conduct.

As for the partial summary disposition on Count I with respect to social media postings, plaintiff offers nothing more than mere speculation that such documents exist. Plaintiff did append to his complaint two social media postings regarding the announcement of the appointment of the successful candidate, which were publicly available and were not disclosed to plaintiff in the defendant's FOIA response. In its brief on appeal, defendant acknowledges that it had failed to locate those two documents while conducting its searches and did not provide them to plaintiff.[5] But ultimately plaintiff's argument is little more than "there must be more" based on the two pages of documents that defendant had failed to locate and plaintiff's parsing of words in the affidavits of defendant's employees filed in this case that plaintiff argues is "implicitly indicating there may be more to the story." Yet plaintiff does not supply the rest of that story.

As this Court observed in *Easley v Univ of Mich*, 178 Mich App 723, 726; 444 NW2d 820 (1989):

> The motion to dismiss brought here under MCR 2.116(C)(10) tested the factual sufficiency of plaintiff's claims. While courts are liberal in finding that a genuine issue of fact exists to withstand the motion, plaintiff had an obligation to set forth specific facts showing that there was a genuine dispute. A statement of conclusions, unsupported by allegation of facts, will not suffice to establish a genuine issue of material fact. The test is whether the kind of record which might be developed, giving the benefit of reasonable doubt to plaintiff, would leave open an issue of fact upon which reasonable minds might differ. *Bowerman v Malloy Lithographing, Inc*, 171 Mich App 110, 115–116; 430 NW2d 742 (1988). Allegations unsupported by some basis in fact may be viewed as sheer speculation and conjecture and, therefore, ripe for summary disposition. *Ransburg v Wayne Co*, 170 Mich App 358, 360; 427 NW2d 906 (1988).

> Plaintiff argues that the defendants are lying; they must have a copy of the memo because they admit that Sandalow wrote such a memo and that he consulted with an associate dean in writing it. On the other hand, that admission is equally consistent with the view that defendants have tried to locate the memo, including contacting the individuals involved in its creation. Defense counsel does not deny that the memo ever existed, but maintains that defendants cannot locate a copy. If we follow plaintiff's logic, then the fact that he quotes from the memo would indicate he already has a copy and this FOIA request would be moot.

Ultimately, it is a similar situation in this case. Plaintiff only points to two documents that he now possesses and uses that to argue that there must be more. But, as in *Easely*, without some actual

---

[5] In its brief, defendant states that in response to plaintiff's four FOIA requests, defendant supplied over 400 pages of documents.

facts to support the contention that there must be more, the trial court was justified in granting summary disposition on that portion of Count I of the complaint.

Next, we turn to the trial court's granting of summary disposition on Count II. This count is premised upon defendant's alleged destruction of or failure to retain documents; in particular, interview notes of candidates not chosen for the position. The trial court concluded that plaintiff had failed to state a claim. We agree.

First, with respect to FOIA, as the trial court observed that "FOIA generally does not impose a duty upon a government official to prepare or maintain a public record or writing independent from requirements imposed by other statutes." *Walloon Lake Water Sys v Melrose Twp*, 163 Mich App 726, 731-732; 415 NW2d 292 (1987). See also *House Speaker v Governor*, 443 Mich 560, 594 n 40; 506 NW2d 190 (1993). The trial court also observed that there was no evidence to show that the notes were destroyed to thwart the FOIA request.

Second, the trial court dispatched the MCHA and MBA arguments by noting that neither statute authorizes a private cause of action for money damages. See *Lash v Traverse City*, 479 Mich 180, 194; 735 NW2d 628 (2007); *Myers v Portage*, 304 Mich App 637, 643; 848 NW2d 200 (2014) ("Michigan caselaw holds that no cause of action can be inferred against a governmental defendant."). Plaintiff provides no authority that either statute provides for money damages.

Plaintiff does, however, argue that he requested declaratory relief that was denied. The trial court denied declaratory relief because plaintiff failed to show that an actual controversy existed as required by MCR 2.605(A)(1) ("In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.") This Court explained that rule in *Int'l Union, United Automobile, Aerospace & Agricultural Implement Workers of America v Central Mich Univ Trustees*, 295 Mich App 486, 495; 815 NW2d 132 (2012):

> MCR 2.605 does not limit or expand the subject-matter jurisdiction of the courts, but instead incorporates the doctrines of standing, ripeness, and mootness. An "actual controversy" under MCR 2.605(A)(1) exists when a declaratory judgment is necessary to guide a plaintiff's future conduct in order to preserve legal rights. The requirement prevents a court from deciding hypothetical issues. However, by granting declaratory relief in order to guide or direct future conduct, courts are not precluded from reaching issues before actual injuries or losses have occurred. The essential requirement of an "actual controversy" under the rule is that the plaintiff pleads and proves facts that demonstrate an " 'adverse interest necessitating the sharpening of the issues raised.' " [Footnotes omitted.]

The trial court in this case concluded that plaintiff failed to meet this burden and that the "only injuries plaintiff alleges concern (alleged) past violations of record-retention schedules and statutes." The trial court further noted that the "requested relief would not guide plaintiff's future conduct or preserve plaintiff's legal rights." In short, the trial court concluded that declaratory relief would not serve any of the recognized purposes that constitute an actual controversy. Plaintiff does no better on appeal in establishing the existence of an actual controversy meriting

-5-

declaratory relief. Plaintiff does not establish how such relief would guide his future conduct or preserve his legal rights. At best, plaintiff is requesting a declaration that defendant must follow the law and, at worse, that the trial court and by extension this Court, should write a treatise on what the law requires.

Plaintiff next argues that the trial court erred in denying plaintiff's motion for reconsideration. Given that we have concluded that the trial court did not err in granting summary disposition, we are not persuaded that the trial court committed palpable error and should have granted reconsideration.

Next, plaintiff argues that the trial court erred when issuing its November 4, 2020 order that was verbatim to its August 4, 2020 order. We disagree. The August order disposed of defendant's summary disposition motion from June of that year. In September, defendant submitted a second motion which renewed its earlier motion and addressed similar issues as the prior motion as well as additional records disclosed by defendant after the August order. The trial court disposed of the second motion with an order and opinion nearly identical to its earlier order and opinion. This is perhaps unusual, and while the trial court did not offer a reason why it was essentially reissuing its earlier opinion, we can only assume that the trial court concluded that nothing had materially changed and its original reasoning applied just as strongly to the second motion for summary disposition. Ultimately, it is not our concern why the trial court took this approach; rather, it is our concern whether the trial court reached the correct conclusions. And, as discussed above, we are satisfied that the trial court did reach the correct resolution of this case.

Plaintiff's final argument is the trial court erred when it failed to strike an affidavit submitted by defendant in support of the motion for summary disposition even though the trial court identified the affidavit as containing hearsay statements. In its August and November opinions, the trial court did acknowledge that there were "hearsay issues" with one of the affidavits. It also acknowledged that inadmissible hearsay could not be considered in resolving the summary disposition motion. But the trial court also concluded that the affidavit, even with the hearsay, was inadequate to support a grant of summary disposition on Count I. Because the trial court did not consider the affidavit in granting summary disposition, it is irrelevant whether it formally struck the affidavit.

For these reasons, we conclude the trial court did not err in granting summary disposition to defendant.

Affirmed. Defendant may tax costs.


/s/ David H. Sawyer
/s/ Anica Letica
/s/ Sima G. Patel